UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Daniel S. Gedatus,

  Petitioner,

v.         MEMORANDUM OPINION
           AND ORDER
           Civil No. 07-1750 (MJD/SRN)

RBC Dain Rauscher, Inc.

  Respondent.

_____

  Dorene R. Sarnoski, Dorene R. Sarnoski Law Office for and on behalf of Petitioner.

  Christopher A. Grgurich, Lindquist & Vennum, P.L.L.P. for and on behalf of Respondent.

_____

Background

  Petitioner entered into an employment agreement with Respondent RBC Dain Rauscher, Inc. ("RBC Dain") in April 2005. Gedatus Arb. Ex. 6. Pursuant to the terms of this agreement, RBC Dain agreed to loan Petitioner $759,307, secured by a promissory note signed by Petitioner. The employment agreement and promissory note further provided that Petitioner's indebtedness for the loan

1

would be forgiven in equal monthly installments, over a 72 month term, on the

condition that Petitioner maintain continuous employment with RBC Dain.  Id.

Petitioner also agreed to pay 4.02% interest on the loan if his employment with

RBC Dain was terminated prior to the term of the loan, and that the loan would

be due and payable as of the date of termination.

Petitioner's employment was terminated on October 26, 2005.  At the time

of his termination, the remaining balance of the loan was $719,176.81.  Grgurich

Aff., Ex. F.

The parties in this action are affiliated with the National Association of

Securities Dealers ("NASD"), and agreed to arbitrate their disputes before NASD.

RBC Dain submitted a Statement of Claim with NASD in January 2006.  In

response, Petitioner filed a Statement of Answer, Counterclaim and Third-Party

Claim in April 2006, in which Petitioner generally denied the allegations in RBC

Dain's claim and asserted claims of discrimination and failure to accommodate in

violation of the ADA and the MHRA, promissory estoppel, tortious interference

with contract and prospective economic advantage and wrongful termination.

RBC Dain moved to dismiss the statutory counterclaims from the

arbitration proceeding.  Petitioner opposed the motion, and said motion was

denied by the NASD Panel.  Grgurich Aff., Exs. H and I.  RBC Dain moved for

reconsideration, and this motion was also denied.  Thereafter, a four day hearing

took place before the  Panel beginning February 2007.

The NASD Panel issued its decision in late February 2007, imposing

liability on Petitioner in the amount of $719,176.81, pre-award interest at 4.02%

from October 25, 2005 through February 16, 2007 and post-award interest at the

rate of 4.02% from the date of the award until the award is paid in full.  Grgurich

Aff., Ex. N.  The Panel also awarded RBC Dain attorney's fees in the amount of

$100,000.  Id.  The award does not contain any findings of fact or conclusions of

law.  Rather, it includes a statement of the claims, followed by the award.  Id.

Before the Court are cross motions to confirm and vacate the award.

Standard

The arbitration agreement at issue in this case is governed by the Federal

Arbitration Act ("FAA"), 9 U.S.C. § 1-16.  The FAA "established 'a liberal federal

policy favoring arbitration agreements.'"  Hoffman v. Cargill, Inc., 236 F.3d 458,

461 (8th Cir. 2001).  Consistent with this policy, courts are required to confirm an

arbitration award, except in the following narrow circumstances:

(1) Where the award was procured by corruption, fraud or undue means.

(2) Where there was evident partiality or corruption in the arbitrators, or either of them.

(3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

(4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10 (a).

"When reviewing an arbitral award, courts accord 'an extraordinary level of deference' to the underlying award itself [] because federal courts are not authorized to reconsider the merits of an arbitral award 'even though the parties may allege that the award rests on errors of fact or on misinterpretation of the law." Stark v. Sandberg, Phoenix & Von Gontard, 381 F.3d 793, 798 (8th Cir. 2004)(internal citations omitted).  Petitioner thus faces a high hurdle in demonstrating that the award in this case must be vacated.

1. Motion to Vacate the Arbitration Award

Petitioner moves to vacate the award on the following grounds: the Panel refused to hear evidence; the Panel imperfectly executed its powers so that a definite award upon its subject matter submitted was not made; and the award is based on a manifest disregard of the law and is inconsistent with public policy.

4

A.      <u>Imperfectly Executed Powers in Failing to Reach a Reasoned Decision</u>

While acknowledging that generally arbitrators need not explain their decisions, Petitioner nonetheless asserts that by failing to include findings of fact and conclusions of law in the award, the Panel did not execute its duties properly.  In support, Petitioner relies on the Supreme Court's decision in <u>Gilmer v. Interstate/Johnson Lane Corp</u>, 500 U.S. 20, 32 (1991).

In <u>Gilmer</u> the Supreme Court held it was permissible to adjudicate ADEA claims in arbitration, even though arbitration proceedings are criticized as summary.  The <u>Gilmer</u> decision did not, however, impose a requirement that arbitrators issue detailed written decisions.  In fact, the Court recognized that arbitrators seldom issue detailed decisions, but nonetheless determined that statutory claims may be addressed in arbitration.

A further alleged deficiency of arbitration is that arbitrators often will not issue written opinions, resulting, Gilmer contends, in a lack of public knowledge of employers' discriminatory policies, an inability to obtain effective appellate review, and a stifling of the development of the law. The NYSE rules, however, do require that all arbitration awards be in writing, and that the awards contain the names of the parties, a summary of the issues in controversy, and a description of the award issued. See id., ¶¶ 2627(a), (e), at 4321 (Rules 627(a), (e)). In addition, the award decisions are made available to the public. See id., ¶ 2627(f), at 4322 (Rule 627(f)). Furthermore, judicial decisions addressing ADEA claims will continue to

be issued because it is unlikely that all or even most ADEA claimants will be subject to arbitration agreements. Finally, Gilmer's concerns apply equally to settlements of ADEA claims, which, as noted above, are clearly allowed.

Id. 500 U.S. at 31-32. See also, Hoffman, 236 F.3d at 463 (finding arbitrators need not articulate reasons for their decisions.)

In a case issued subsequent to Gilmer, the Second Circuit noted that when determining that an employee could be compelled to assert an ADEA claim "the Court [in Gilmer] did so on the assumptions that the claimant would not forgo the substantive rights afforded by the statute, that the arbitration agreement simply changed the forum". Halligan v. Piper Jaffray, Inc., 148 F.3d 197, 204 (2nd Cir. 1998). The court went on to find that whether a procedural irregularity occurred must be determined on a case by case basis, and when from the record it appears the arbitrators manifestly disregarded the law, "the failure of the arbitrators to explain the award may be taken into account." Id. Thus, contrary to Petitioner's assertion, Halligan does not provide support for his argument that the award in this case can be vacated solely on the basis that the award did not contain findings of fact or conclusions of law.

The Court further notes that the NASD rules specifically provide that the Panel is not required to issue findings of fact or conclusions of law.  <u>See</u> NASD Rule 10330 (Attached as Ex. K to Guy Affidavit).  The Court thus finds that based on the record in this case, Petitioner has failed to demonstrate that the award should be vacated because the Panel failed to issue a decision that contained findings of fact and conclusions of law.

      B.     <u>Panel Guilty of Misconduct When it Refused to Hear Evidence Pertinent and Material to the Controversy</u>

Petitioner also challenges many of the evidentiary rulings made by the Panel.  In addressing these challenges, the Court must take into consideration the fact that the arbitration system was not set up to be a "perfect system."  <u>Hoffman</u>, 236 F.3d at 462.  It was "designed primarily to avoid the complex, time-consuming and costly alternative of litigation."  <u>Id.</u>  "Discovery is abbreviated if available at all.  The rules of evidence are employed, if at all, in a very relaxed manner.  The factfinders (here the panel) operate with almost none of the controls and safeguards [present in traditional litigation.]"  <u>Id</u>, at 463 (quoting <u>Lee v. Chica</u>, 983 F.2d 883, 889 (8th Cir. 1993)).

With this in mind, the Court finds that Petitioner has not demonstrated misconduct on the part of the Panel with respect to its evidentiary rulings.

Over Petitioner's objection, the Panel did not allow for the admission of Petitioner's cell phone records as rebuttal evidence.  Petitioner asserts that at the hearing, RBC Dain claimed that for several days prior to his termination, Petitioner was not at work and that no one was in contact with Petitioner, or knew his whereabouts.  Petitioner asserts that cell phone records he obtained shortly before the hearing show that Petitioner had been in contact with persons at RBC Dain on October 24 and 26, 2005, and that the introduction of such evidence was needed to rebut RBC Dain's assertions.

At the time Petitioner sought to introduce the cell phone records, RBC Dain objected to their admission as the records had not been produced to RBC Dain in response to its requests for pre-hearing discovery of any evidence relevant to the issue of notice of Petitioner's disability.  RBC Dain further argued that Petitioner had obtained the records at least four days prior to the hearing, but did not turn over the records until the end of the hearing, even though Petitioner was on notice that RBC Dain would claim that Petitioner was unavailable in the days before his termination.  After hearing the arguments of counsel, the Panel

caucused, and determined that the cell phone records would be excluded.  Guy

Aff., Ex. G. p. 3.

The NASD Code of Arbitration Procedure provides that arbitrators may

exclude evidence not exchanged twenty days prior to the hearing.  Code 10321.

The Code further provides that documents used for rebuttal purposes need not

be served prior to the hearing.  RBC Dain asserts that the cell phone records are

not rebuttal evidence as Petitioner knew his attempts to contact RBC Dain in the

days prior to his termination were at issue.  Further, the cell phone records were

responsive to RBC Dain's request for evidence going to RBC Dain's knowledge of

Petitioner's disability.  Finally, RBC Dain notes that Petitioner was allowed to

testify generally about his attempts to contact his employer prior to his

termination.

The Court has reviewed the record, and based upon that review, the Court

finds that Petitioner has not demonstrated that the Panel is guilty of misconduct

when it ruled that the cell phone records would not be admitted.  Arguably, such

records were responsive to RBC Dain's discovery requests.  In addition,

Petitioner testified as to his attempts to contact his employer between October 20

and 26, 2005.  Under these circumstances, the Court finds that the Panel's failure

to admit the cell phone records is not sufficient justification to vacate the Panel's award.

Petitioner further alleges that, over his objection, the Panel refused to allow him to call key witnesses, Jim Chapman and Melanie Demont, in person. These witnesses did provide testimony, however, via telephone and video conference.

Petitioner has not presented the Court any authority supporting his position that he was entitled to present live testimony at his arbitration hearing. Further, he has not demonstrated that he was prejudiced by the presentation of testimony by telephone or video conference. In fact, other courts have rejected similar challenges. See eg. Thornton v. Snyder, 428 F.3d 690, 698 (7th Cir. 2005) (noting that the Rule 43 of the Federal Rules of Civil Procedure specifically allows for the taking of testimony "by contemporaneous transmission from a different location."). See also, Burroughs v. Dept. of the Army, 2007 WL 3333481 * 4 (Fed. Cir. Nov. 9, 2007) (finding petitioner was not prejudiced by administrative law judge's determination that certain witnesses could testify by telephone and that hearing was held by video conference.).

Petitioner further challenges the Panel's decision to preclude Petitioner's counsel from cross-examining Thompson about his handwritten notes of October

26, 2005.  Petitioner argues these notes support his assertion that RBC Dain knew of his plans for in-patient treatment when he was terminated.

RBC Dain asserts that the notes at issue were taken by Thompson while he was talking with an attorney.  As a result, it asked the Panel to limit any questioning as to the notes so that the attorney/client privilege was not breached.  After briefing, the Panel ruled that the notes would be admitted into evidence, but that counsel could not inquire into that portion of the notes that contained statements protected by the attorney/client privilege.  Guy Aff., Ex. F.

The Court finds that as the notes at issue were allowed into evidence, Petitioner has not demonstrated any prejudice resulting from his failure to seek "clarification" as to the meaning of the notes.

Finally, Petitioner challenges the Panel's decision to allow RBC Dain to introduce irrelevant evidence, such as Petitioner's debt payments, and the kind of car he drove.  Petitioner also challenges the Panel's decision to allow RBC Dain to question Petitioner's aunt as to certain bank accounts that purportedly contained some of the bonus money Petitioner received from RBC Dain.  First, the Court notes that the admission of irrelevant evidence is not a basis upon which this Court may vacate an arbitration award.  Even if it were, the Court finds that

Petitioner has failed to demonstrate any prejudice resulting from the admission of such evidence.

Because Petitioner has failed to demonstrate that the Panel is guilty of misconduct by refusing to hear evidence pertinent and material to his disability claim, Petitioner's motion to vacate on this basis must be denied.

C.    Manifest Disregard of the Law

The Eighth Circuit had held that "[b]eyond the grounds for vacation provided in the FAA, an award will only be set aside where it is completely irrational or evidences a manifest disregard for the law." Hoffman, 236 F.3d at 461 (listing cases).  An award is deemed irrational if it "fails to draw its essence from the agreement" while an award can be found to exhibit a manifest disregard for the law only "where the arbitrators clearly identify the applicable, governing law, and then proceed to ignore it." Id. at 462.

"Manifest disregard of the law 'is more than a simple error in law or a failure by the arbitrators to understand or apply it; and, it is more than an erroneous interpretation of the law.'" Stark, 381 F.3d at 802.  An award should not be vacated because the court disagrees with an arbitrator's interpretation of the law or a determination of the facts.  Id.

In this case, other than a lack of written factual findings and conclusions of law, Petitioner has not demonstrated that the Panel's award is based on a manifest disregard of the law.  The Court notes that there is no dispute as to the qualifications of the Panel, which consisted of attorneys experienced in employment law and in arbitration, and that the Panel was appropriately briefed as to the controlling law.

Instead, Petitioner contends that he presented undisputed evidence that the decision to terminate his employment was not made until after knowledge of Petitioner's disability came to light, and that his termination was thus in violation of the Americans with Disabilities Act.

In further support of his disability claim, Petitioner asserts he presented evidence that he had a lucrative career with Merrill Lynch, and that he left Merrill Lynch to accept an offer from Wachovia Securities, but that the offer fell through because Petitioner had numerous DWI's.  Petitioner asserts that RBC Dain, through Eric Thompson, knew of the unusual circumstances surrounding Petitioner's departure from Merrill Lynch.  Thompson also allegedly told Petitioner not to worry if there was a lag time in getting his Merrill clients to switch to RBC Dain.  Petitioner contends he also submitted evidence that he

made numerous requests for accommodation, to get treatment for alcoholism, but that his requests were ignored. Petitioner asserts that under these circumstances, it is highly probable the Panel misunderstood or ignored the governing legal standards for a disability claim.

RBC Dain responds that despite Petitioner's characterizations, the evidence concerning his disability claims is largely disputed, and that it submitted sufficient evidence to support the Panel's decision.

The Court has reviewed the record submitted and agrees that the evidence relevant to Petitioner's disability claims is materially disputed. As such, this case is factually distinguishable from Halligan, 148 F.3d 197. In Halligan, the court found:

> In view of the very strong evidence that Halligan was fired because of his age and the agreement of the parties that the arbitrators were correctly advised of the applicable legal principles, we are included to hold that they ignored the law or the evidence or both.

Id. at 204. The "very strong evidence" of age discrimination in Halligan was that Halligan was ranked fifth out of 25 institutional salesmen, and was earning $500,000 a year at the time he was fired. Id. at 198. There was also undisputed evidence that he had ranked first from 1987 to 1991. Id. at 199. Further, evidence

was presented as to discriminatory statements made by those who decided to terminate Halligan's employment.  Id.  Based on such undisputed evidence, the court was left with the belief that the arbitrators had to have "ignored the law or the evidence or both."  Id.  at 204.

By contrast, RBC Dain has submitted evidence to demonstrate that Petitioner was performing poorly throughout his employment, and that he had been placed on a Performance Improvement Plan.  Although Petitioner asserts that the decision to terminate his employment was not made until management learned that Petitioner was to attend in patient alcohol treatment, RBC Dain disputed this assertion, and presented evidence to the Panel that the decision to terminate was made prior to learning of Petitioner's alcoholism.  Thus, unlike Halligan, material fact issues exist as to whether Petitioner was terminated because of an alleged disability.

As RBC Dain has demonstrated that the evidence presented in support of Petitioner's claim of disability discrimination was disputed, and this Court does not have the authority to re-weigh the evidence, the fact that the Court may have made different factual determinations cannot be the basis for an order vacating the award in this case. Manion v. Nagin, 392 F.3d 294, 299 (8th Cir. 2004).

15

Petitioner has failed to demonstrate to the Court that a recognized basis exists to vacate the award.  Accordingly, the Court must deny Petitioner's request.

IT IS HEREBY ORDERED that Petitioner's Motion to Vacate the Arbitrators' Final Award [Doc. No. 1] is DENIED, and Respondent's Motion to Confirm the Arbitrators' Award [Doc. No. 4.] is GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Date: January 22, 2008

s / Michael J. Davis
Michael J. Davis
United States District Court

16